# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>        Plaintiff,<br><br>    v.<br><br>W. K. MEYERS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-CV-02221-AWI-DLB PC<br><br>ORDER REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT<br><br>(DOC. 10)<br><br>CLERK OF COURT DIRECTED TO SERVE THIS ORDER TO CLERK OF STATE COURT |

**Order**

**I.      Background**

Plaintiff William Rouser ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action. This action was removed from state court on December 22, 2009, by Defendants W. K. Meyers, James Yates, and G. Duran. Plaintiff filed an amended complaint on February 5, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1  1915(e)(2)(B)(ii).

2  A complaint must contain "a short and plain statement of the claim showing that the
3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
7  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
8  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

9  **II.    Summary Of Amended Complaint and Analysis**

10  Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in
11  Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as
12  Defendants community partnership manager W. K. Meyers, warden Yates, and appeals
13  coordinator G. Duran.

14  Plaintiff alleges the following. Plaintiff complains of a false statement submitted by
15  Defendant Meyers to a Deputy Attorney General regarding a religious event. Plaintiff submitted
16  a grievance, which was destroyed by Defendant Duran. Defendant Yates was aware of the
17  situation and did nothing.   Plaintiff alleges violations of California Penal Code sections 118
18  (perjury), 125 (unqualified statement), 132 (false evidence), 133 (compounding crimes), 182
19  (criminal conspiracy). Plaintiff also alleges violations of California Government Code section
20  19572 (d), (f), (t), (c), (e), and (o). Plaintiff also alleges violation of the CDCR's Employee
21  Disciplinary Matrix for code of silence, intentional failure to report misconduct by other
22  employees, false testimony under oath, and falsification or making intentionally misleading
23  statements in official reports or records.

24  Having screened the amended complaint, the Court does not find that Plaintiff attempted
25  to plead any federal claims. All the claims alleged concern state law claims. The Court thus
26  lacks subject matter jurisdiction over this action. [F]ederal jurisdiction exists only when a
27  federal question is presented on the face of the plaintiff's properly pleaded complaint."
28  *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.     Conclusion And Order

Having screened Plaintiff's amended complaint, the Court finds that there are only state law claims, and no federal claims alleged.  The Court lacks subject matter jurisdiction over this action.  Based on the foregoing, it is HEREBY ORDERED that this action is REMANDED to Fresno County Superior Court.  The Clerk of Court is directed to mail a certified copy of this order of remand to the clerk of the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **October 5, 2010**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE